Howard P. SIEVERT, Respondent,

v.

Donald D. LaMARCA, et al.,
Defendants,

First State Bank of
Lakefield, Appellant,

and

Dawn Sievert, additional party to
counterclaim, Respondent.

No. C0–85–2060.

Court of Appeals of Minnesota.

March 11, 1986.

Review Denied May 22, 1986.

James M. Williams, Minneapolis, for Howard P. Sievert.

J. David Jackson, Minneapolis, for First State Bank of Lakefield.

James M. Williams, Minneapolis, for Dawn Sievert.

Considered and decided by POPOVICH, C.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

This is the second appeal by First Lakefield State Bank in its effort to foreclose by

action an equitable mortgage imposed by the trial court on a contract vendee's interest in a farm. Following the first appeal the trial court declined to order sale of the property as requested by the bank and this appeal followed. We affirm in part and remand.

## FACTS

A more complete statement of facts is set forth in *Sievert v. LaMarca,* 367 N.W.2d 580 (Minn.Ct.App.1985), *pet. for rev. denied* (July 17, 1985). The following facts are relevant to this appeal.

Respondent Sievert was the general contractor for construction of a home for Dr. Donald LaMarca. First Lakefield loaned Sievert $177,005.67 in part to finance construction. Sievert executed a promissory note for that amount and he and his wife assigned to the bank as collateral their vendee's interest in a contract for deed to a farm they are purchasing. Sievert defaulted on the note and the bank sought the following relief: 1) to determine that it held Sievert's vendee's equitable interest in the Becker farm, 2) to determine the amount due on the note to be the amount secured by the assignment of the vendee's interest, 3) to value the vendee's interest and apply that value to reduce the note, and 4) for a deficiency judgment for the balance.

Following a jury trial, the trial court entered its findings which, *inter alia,* gave the bank an equitable mortgage on Sievert's vendee's interest in the Becker farm, prevented the bank from foreclosing on the basis of equitable estoppel and defined the terms of the equitable mortgage.

Upon appeal to this court the equitable estoppel provision of the judgment was reversed and the matter remanded. Upon remand, the trial court complied with this court's decision by striking that portion of the judgment which estopped the bank from foreclosure, however, it also struck that paragraph of its judgment which created the equitable mortgage and set forth its terms.

## ISSUES

1. Did the trial court err in refusing to order the sale of the property in which the bank had a vendee's interest?

2. Did the trial court err in striking the terms of the equitable mortgage following the first appeal?

## ANALYSIS

In *Sievert v. LaMarca,* 367 N.W.2d 580, this court found no legal basis for equitably estopping the bank from foreclosure. Upon remand the bank insisted that it was entitled to have the following paragraph inserted as paragraph 8 of the amended judgment of June 6, 1984:

That the First State Bank of Lakefield has a valid first equitable mortgage *on the property described as follows:*

The Southeast One-Quarter (SE ¼) and the East One-Half (E ½) of the Southwest One-Quarter (SW ¼) of Section Nine (9), Township One Hundred Three (103) North, Range Thirty-seven (37), West of the Fifth P.M.

The amount of said equitable mortgage is $165,005.67, together with interest, at a rate of 10% per annum, from and after July 2, 1979. *Said above described property, including all buildings located therein and all fixtures and appurtenances thereto, shall be sold by the Sheriff of Jackson County* pursuant to Chapter 581 of the Minnesota Statutes, subject, however, to redemption within 12 months from the date of the Order confirming such sale, and upon confirmation of such sale by the Court, the sheriff shall apply the proceeds of such sale first to the payment of the costs and expenses of such sale, and then to the payment of the judgment, and he shall pay over the surplus, if any, to the Sieverts and he shall report any deficiencies to the Court and he shall execute to the purchaser at such sale a certificate of satisfaction thereof according to law.

(Emphasis added).

The trial court properly refused this amendment.

1. A pledge of real property for payment of a debt, in whatever form the transaction is clothed, is a mortgage. *Albright v. Henry,* 174 N.W.2d 106, 111 (Minn.1970). The rights and obligations of the parties under an equitable mortgage are the same as under a legal mortgage except that an equitable mortgage must be foreclosed by action. *Id.* at 112.

The bank pled all of the elements necessary for foreclosure by action as to the *vendee's* interest. Minn.St. 581.01, et seq. However, its conclusion that it is entitled to foreclose on the farm owned by the *vendor* (Herman Becker) is without basis in fact or law. Becker is the fee owner of the farm. He is not a party to this proceeding. He did not assign his vendor's interest to the bank.

A valid assignment generally operates to vest in the assignee the same right, title, or interest that the assignor had in the thing assigned.

*State ex rel. Southwell v. Chamberland,* 361 N.W.2d 814, 818 (Minn.1985). The bank has only the interest of the contract *vendee* and nothing more. The equitable mortgage granted by the court on the basis of the assignment can only be granted on the vendee's interest and enforced on the vendee's interest.

2. On remand from *Sievert,* the trial court also struck paragraph 8 of both the court's findings and conclusions which defined the terms of the equitable mortgage as follows:

8. That the First State Bank of Lakefield has a valid first equitable mortgage on said so-called Becker farm * * *; that Howard P. Sievert shall make payments on said equitable mortgage as follows: $6,000.00 on the first day of March, 1985, and $6,000.00 on the first day of March of each year thereafter, with interest at ten percent per annum * * * until the amount of Sievert's loans * * * has been paid * * *.

The only issue with respect to the equitable mortgage that this court decided on the first appeal was that equitable estoppel did not apply to prevent foreclosure. The terms of the equitable mortgage were not reversed and it was error for the court to eliminate paragraph 8 to Sieverts' prejudice following appeal. We add the following phrase to paragraph 8 to avoid additional misunderstanding and to conform with the law:

8. That the First State Bank of Lakefield has a valid first equitable mortgage on *the vendee's interest in* said so-called Becker farm; that Howard P. Sievert shall make payments on said equitable mortgage as follows: $6,000.00 on the first day of March, 1985, and $6,000.00 on the first day of March of each year thereafter, with interest at ten percent per annum * * * until the amount of Sievert's loans * * * has been paid.

If the terms of the equitable mortgage are found to be in default, the court shall order foreclosure. However, because of the two appeals and the history of this litigation we specifically direct that the trial court observe, in addition to Minn.Stat. 581.03, the following directions if it becomes necessary to direct foreclosure:

1) that the trial court direct the method of sale, including the manner of giving notice, the content of notice and where notice is to be published to effect a fair sale of the *vendee's* interest.

2) that in addition to such other requirements as the trial court may direct, the notice must contain terms of the contract for deed between Sievert and Becker to assist prospective buyers in assessing a bid.

### DECISION

The court did not err in refusing to order foreclosure on a vendor's interest in a contract for deed where such interest was not the subject of this litigation. The trial court on remand shall reinstate paragraph 8.

Affirmed as modified.